UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 12-53-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BURL M. JOHNSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Burl M. Johnson was one of several individuals charged with aiding and abetting (Counts 5 and 6) and conspiring to distribute controlled substances (Counts 2–4) in this judicial district in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841 and 846. [Record No. 17, pp. 2–5] On March 7, 2014, Johnson pleaded guilty to one count of conspiring to distribute Oxycodone. [Record No. 394] He received a sentence of 240 months based on: (i) the guideline range, which included a leadership role for his criminal conduct; and (ii) relevant sentencing factors under 18 U.S.C. § 3553(a). [Record No. 431] Johnson has now filed a motion requesting a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. [Record No. 512]

The facts supporting Johnson's guilty plea are outlined in paragraph three of his Plea Agreement. This paragraph provides:

> (a) Beginning in or about April of 2011, and continuing through on or about September 29, 2012, in Bell County, Kentucky -which is located in the Eastern Judicial District of Kentucky -and elsewhere, the Defendant, Burl Johnson,

>   conspired with Todd Brock and others to distribute a quantity of oxycodone, a Schedule II controlled substance.
>
>   (b) Specifically, Todd Brock was receiving large quantities of pills from several sources of supply based out of Michigan. These sources include, but are not limited to: Andrew Jackson, Charles Robert Caudill, Jr., aka Chuck, Tony C. Money, II, aka Vernon Forest, and Frank Emmanuel Sledge, aka Sir Sledge. Jackson and Caudill operated together to bring oxycodone pills to Todd Brock. Likewise, Money and Sledge operated together to bring oxycodone pills to Todd Brock.
>
>   (c) In turn, Todd Brock directed an oxycodone distribution network in the Bell and Harlan County areas. Brock distributed large quantities of oxycodone and other diverted pharmaceuticals to others, including, but not limited to, the Defendant, Burl M. Johnson, and Elsie Durham, aka Elsie Cole. These individuals would then distribute pills to other dealers and middle men, as well as end drug users/abusers at the street level.
>
>   (d) During the course of this conspiracy, law enforcement used a cooperating witness (CW) to make two (2) controlled purchases of oxycodone 30 mg pills directly from the Defendant. On each occasion, the Defendant traveled to Todd Brock's residence to obtain the 30 mg oxycodone pills that he sold to the CW.
>
>   (e) Moreover, based on controlled purchases, witness statements, and other evidence, the Defendant admits that the United States could prove beyond a reasonable doubt that he is responsible for the distribution of approximately 10,000 oxycodone 30 mg pills, which equals a marijuana equivalency of between 1,000 and 3,000 kilograms.

[Record No. 428]

Based on the large quantity of pills involved, the defendant's Base Offense Level was calculated to be 32. [Presentence Investigation Report, "PSR," p. 11] Johnson also received a four-level increase to his Base Offense Level for his leadership in the offense and a three-level reduction for his acceptance of responsibility, which resulted in a Total Offense Level of 33. [*Id.*] With a Criminal History Category of VI, Johnson's sentencing range under the 2013 United States Sentencing Guidelines was 235 to 293 months. [*Id.*, pp. 11, 22]

However, the statutorily authorized maximum sentence under 21 U.S.C. § 841(b)(1)(C) was 20 years, so Johnson's guideline range was 235 to 240 months under U.S.S.G. § 5G1.1(c)(1).[1]  [*Id.*, p. 22]

Johnson is currently scheduled to be released from custody on June 16, 2031.  *See* http://www.bop.gov/inmateloc/ (last checked November 24, 2015).  The United States Sentencing Commission has since amended the applicable guideline range and given the amendments retroactive effect.  *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014).  As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels.  With a re-calculated total offense level of 31, Johnson's non-binding guideline range under the 2014 amendments would be 188 to 235 months.[2]

The first issue presented is whether a sentence reduction is warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553(a).  In addressing this issue, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes of Johnson.  After again evaluating these and other sentencing factors, the Court concludes that a reduced term of imprisonment is not warranted.

---

[1]  The sentences of the co-defendants range from 18 to 210 months of imprisonment. [PSR, p. 34]

[2]  A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise *leniency* to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual."  *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (emphasis added).

As discussed during the sentencing hearing, conspiring to distribute Oxycodone is a very serious offense. Under the facts presented, a reduced sentence would unduly diminish the seriousness of Johnson's criminal conduct. In addition, Johnson's leadership role weighs against reducing his sentence. Johnson involved his niece (Charlotte Johnson) in the conspiracy. [PSR, p. 26] Moreover, Johnson has an *extensive* criminal history. He has been previously convicted of five drug-related offenses and four theft-related offenses. [*Id.*, pp. 12–16] Johnson has also been arrested on fourteen other occasions. [*Id.*, pp. 17–19] . Once released, there is substantial likelihood that Johnson will return to criminal conduct. Thus, a 240-month term of imprisonment is needed to protect the public and provide necessary deterrence regarding future offenses.

Johnson's admitted history of substance abuse also presents a danger to the public and an increased likelihood of recidivism. [PSR, p. 20] While the Court has considered mitigating factors such as the defendant's acceptance of responsibility, these factors do not offset the many aggravating factors mentioned above. Finally, the Court has considered the high costs of incarceration but finds that the expenses that would be saved by reducing Johnson's sentence do not outweigh the other sentencing factors outlined above.

In summary, after again reviewing the relevant § 3553 factors, the Court concludes that a minimum term of 240 months is necessary and appropriate under the circumstances. Accordingly, it is hereby

**ORDERED** that Defendant Burl M. Johnson's motion for reduction of his sentence [Record No. 512] is **DENIED**.

<007>

This 25th day of November, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge