UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 12-053-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BURL M. JOHNSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Defendant Burl Johnson has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  [Record No. 595] The motion will be denied for the reasons explained below.

**I.**

Johnson was one of several individuals charged with aiding and abetting the distribution of controlled substances (Counts 5 and 6) and conspiring to distribute controlled substances (Counts 2–4) in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841 and 846. [Record No. 17, pp. 2–5] Johnson pleaded guilty on March 7, 2014, to one count of conspiring to distribute Oxycodone.  [Record No. 394] He was later sentenced to 240 months' imprisonment, to be followed by five years of supervised release.  [Record No. 431] Johnson did not appeal.

On November 23, 2015, Johnson moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  [Record No.

- 1 -

512] Although retroactivity of the 2014 Amendment would change Johnson's guideline range to 188 to 235 months, the motion was denied because the § 3553(a) factors did not support a sentence reduction. [Record No. 513]

Johnson has a projected release date of September 15, 2031. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 29, 2026). Johnson submitted a request to the warden at FMC Springfield for compassionate release, and the warden denied the request on December 9, 2025. [Record No. 595] Thus, Johnson has exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), and his present motion for compassionate release will be reviewed on the merits. [Record No. 595]

**II.**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, it may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (*en banc*) (quoting 18 U.S.C. § 3582(c)(1)(A))).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction. Specifically, the Court may consider the defendant's "medical circumstances," and whether he is serving an "unusually long sentence" if he "has served at least ten years of the term of imprisonment" then changes to the law "(other than an amendment to the

Guidelines Manual that has not been made retroactive) may be considered . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b) (U.S. Sent'g Comm'n 2023)). That said, Section 1B1.13(b)(6) (*i.e.*, an unusually long sentence) is invalid because the Sentencing Commission exceeded its authority regarding that amendment. *See Rutherford v. United States*, No. 24–820, slip op. at *16 (U.S. May 28, 2026); *United States v. Bricker, United States v. McHenry, and United States v. Orta*, 135 F.4th 427, 450 (6th Cir. 2025).

### III.

### Alleged Extraordinary and Compelling Justifications for Relief

Johnson argues that he suffers from end-stage renal disease which he characterizes as a terminal illness that substantially and permanently limits his ability to provide self-care in a correctional setting. [Record No. 595-3 at 9] He asserts that a kidney transplant is the only treatment likely to produce substantial improvement. [*Id*.] Johnson further contends that the BOP has allowed his kidney function to deteriorate for years while failing to provide a transplant, thereby placing him at risk of serious health deterioration and diminished quality of life. [*Id*.]

According to the United States, Johnson significantly mischaracterizes both his condition and the medical treatment he receives from the BOP. [Record No. 597 at 3] Although it acknowledges that Johnson suffers from diabetes and chronic kidney disease, the government argues that Johnson has not shown the BOP has failed to treat these conditions.

[*Id*.] To the contrary, the United States maintains that the medical records demonstrate ongoing and appropriate care.  [*Id*.]

The United States further highlights that Johnson's medical records do not describe his condition as terminal, nor do they support his claim that a kidney transplant is the only available treatment.  [Record No 597 at 4] Instead, it contends that the records identify dialysis as a common and effective treatment for chronic kidney disease.  [*Id*.] Additionally, as the government highlights, the records demonstrate that Johnson has discussed transplant options with his medical providers and has never been denied a transplant.  [*Id; see* Record No. 599-1 at 12] It further notes that nothing in the record established that Johnson would qualify for a transplant if released.  [*Id*. at 5] Thus, according to the United States, Johnson's own medical records contradict his assertions.

After reviewing the relevant records, the Court finds that Johnson's claims are not supported by the record.  He was diagnosed with diabetes in 2017 and has received continuous treatment, including insulin and Ozempic injections.  [Record No. 599-1 at 9] He was later diagnosed with stage five chronic kidney disease in October 2023 but did not consent to dialysis until nearly two years later.  [*Id*. at 7] He now receives dialysis three times each week and meets monthly with his nephrologist.  [*Id*. at 3, 8]

Medical records from March 2026 show that he lost ten pounds in the last year and twenty-two pounds overall since arriving at the facility.  [*Id*. at 8] Laboratory results show no decline in urine output compared to the previous year.  [*Id*.] The records also indicate that Johnson' exercises daily by walking laps and planned to spend additional time outdoors when the weather improved.  [*Id*.] Importantly, and as the United States contends, Johnson's

claim of continued deterioration is not supported by the record, and there is nothing in the record to suggest that Johnson is not receiving appropriate treatment or cannot provide for his self-care needs in the correctional environment.

In summary, Johnson fails to identify any health condition that constitutes extraordinary and compelling reasons for a sentence reduction. Likewise, he has not demonstrated that the BOP is failing to adequately manage his conditions.

### 18 U.S.C. § 3553(a)

But *even if* Johnson could establish an extraordinary or compelling reason for compassionate release, the relevant factors of 18 U.S.C. § 3553(a) would not support a reduction of his sentence. Johnson was convicted of a very serious offense. He pled guilty to conspiring to distribute a large quantity of oxycodone in violation of 21 U.S.C. § 846. [Record No. 428] And his relevant conduct included distributing approximately 10,000 oxycodone thirty-milligram pills, serving as a leader of the conspiracy, and involving his niece in the conspiracy. [Record No. 518 at 3, 4, 11]

Johnson's history and characteristics also weigh against relief. He has a significant criminal history, including five prior drug-related convictions and four theft-related convictions, as he has been arrested on fourteen other occasions. [*Id.* at 12–19]

The Court previously denied Johnson's request for a sentence reduction after considering the § 3553(a) factors, and his current motion will likewise be denied. Reducing his sentence to time served would undermine the seriousness of the offense, diminish respect for the law, and weaken deterrence. In the considered opinion of the undersigned, the

existing sentence remains sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

## IV.

Having carefully considered the matter, it is hereby

**ORDERED** that Defendant Johnson's motion [Record No. 595] is **DENIED**.

Dated: June 1, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky